## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD

**BENJAMIN MELENDEZ-ROCHA,**

       **Petitioner,**

v.                                                  **Case No. 1:16-cv-03481**

**BARBARA RICKARD, Warden,**
**FCI McDowell,**

       **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

On April 8, 2016, Petitioner, an inmate who was then housed at FCI McDowell, in Welch, West Virginia[1], acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition") (ECF No. 1). Petitioner paid the applicable $5.00 filing fee. This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is currently serving a 348-month term of imprisonment[2], imposed by the United States District Court for the District of South Dakota, following his conviction

---

[1] The petitioner is now incarcerated at FCI Loretto with a projected release date of January 12, 2034.

[2] The petitioner was initially sentenced to a term of imprisonment of 360 months on Count One and 240 months on Count Three, which were ordered to run concurrent with one another and with Petitioner's state sentences. However, on December 18, 2010, the sentencing court issued an amended judgment lowering the term of imprisonment on Count One to 348 months, to run concurrent with the other sentences. (ECF No. 9, Ex. 1, Attach. C, Amended Judgment in a Criminal Case).

on one count of Conspiracy to Distribute 500 Grams or More of a Mixture and Substance Containing Methamphetamine (Count One) and one count of Conspiracy to Conduct a Financial Transaction to Conceal Proceeds and Promote Unlawful Distribution of Controlled Substances (Count Three).  (*United States v. Melendez-Rocha*, Case No. CR-09-40029 (D.S.D. Dec. 10, 2010), Judgment in a Criminal Case, filed herein as ECF No. 8, Ex. 1, Attach. F).  Petitioner has filed the instant petition for a writ of habeas corpus seeking prior custody credit against his federal sentence for the time period he spent in state custody between March 16, 2009 and March 16, 2010.  An explanation of the procedural history of Petitioner's state and federal criminal cases will be helpful.

On March 16, 2009, Petitioner was arrested by local authorities in Maricopa County, Arizona, on charges of Attempted Possession of Dangerous Drugs for Sale (Case No. CR2004-125148-002) and Attempted Possession of Marijuana for Sale (Case No. CR2006-006468-001).  (ECF No. 8 at 2).  Petitioner was remanded to state custody at the Maricopa County Jail.  (*Id.* at 2 and Ex. 1, Attach. A, Arizona Corrections Database).

On August 20, 2009, Petitioner was sentenced by the Maricopa County Court to concurrent terms of three years and six months on his state convictions.  (*Id.* at 2 and Ex. 1 Attach. B).  Petitioner received 157 days of credit against his state sentence (for the time period between March 16, 2009, when he was arrested, and August 19, 2009, the day before his state sentences were imposed).  Petitioner was remanded to the custody of the Arizona Department of Corrections.  (*Id.*)

On April 7, 2010, Petitioner was charged with the subject federal charges in a Fourth Superseding Indictment in the United States District Court for the District of South Dakota.  (*Id.* at 2 and Ex. 1, Attach. C, Fourth Superseding Indictment).  On April 21, 2010, Petitioner was borrowed by federal authorities on a writ of habeas corpus *ad*

*prosequendum.* (*Id.* at 3 and Ex. 1, Attach. D and E, USMS Form 129 and Writ of Habeas Corpus *Ad Prosequendum*). On December 10, 2010, Petitioner was sentenced by the federal court to his initial 360-month sentence on Count One and his concurrent 240-month sentence on Count Three. (*Id.* and Ex. 1, Attach. F, Judgment in a Criminal Case). As noted above, the federal court also ordered that the federal sentences be run concurrently with Petitioner's state sentences. (*Id.*) Then, on December 18, 2010, the federal court issued its amended judgment reducing Petitioner's sentence on Count One to 348 months, but leaving the remainder of Petitioner's judgment intact. (*Id.* and Ex. 1, Attach. G, Amended Judgment in a Criminal Case).

Petitioner was returned to state custody on January 10, 2011. (*Id.* and Ex. 1, Attach. D). However, the BOP granted a *nunc pro tunc* designation, designating Petitioner's state facility for service of his federal sentence. Thus, his federal sentences commenced on December 10, 2010. Petitioner was also granted 157 days of prior custody credit to his federal sentence, which will be further explained below. (*Id.* and Ex. 1, Attach, H, Sentence Computation Data).

On March 15, 2012, Petitioner completed his state sentences and was taken into federal custody serve the remainder of his federal sentence. According to Respondent's Response, Defendant's projected release date, with consideration of good conduct time, is January 12, 2034. (*Id.* at 4 and Ex. 1, Attach. H).

Petitioner filed the instant section 2241 petition seeking credit against his federal sentence for the time between March 16, 2009, when he was initially arrested by state officials, and March 16, 2010. He asserts that he should receive this credit because he was granted a *nunc pro tunc* designation and the sentencing judge gave him credit for time

served, stating that he did so "with the assumption that [Petitioner] will receive credit for the pretrial custody and also presentence custody."  (ECF No. 1, Attach. 1).

On March 29, 2017, the undersigned issued an Order to Show Cause (ECF No. 6) directing Respondent to file a response to Petitioner's section 2241 petition.  On April 21, 2017, Respondent filed a Response to Order to Show Cause asserting that Petitioner's sentence was correctly calculated and that he is not entitled to any further relief.  (ECF No. 8).  Petitioner did not file a reply.

## <u>ANALYSIS</u>

Following the imposition of a sentence by a federal court, the BOP is charged with calculating and administering the offender's sentence, including the application of prior custody credit and good conduct time.  *United States v. Wilson*, 503 U.S. 329, 334-335 (1992); 18 U.S.C. § 3621(a).  The statutory basis for the commencement of a federal sentence is found in 18 U.S.C. § 3585(a), which provides that "<u>a sentence to a term of imprisonment commences on the date the defendant is received in custody</u> awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." (Emphasis added).  (ECF No. 9 at 3-4).

Furthermore, section 3585(b) of Title 18 prohibits a defendant from receiving double credit for detention time.  Thus, prior custody credit generally cannot be granted if the prisoner has received credit toward another sentence.  *See United States v. Wilson*, 503 U.S. 329, 337 (1992); *United States v. Brown*, 977 F.2d 574 (4th Cir. 1992) (defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); *United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995) (credit is only available for time

4

spent in custody which has not been credited against another sentence). (ECF No. 9 at 6). Therefore, a prisoner normally cannot receive credit toward his federal sentence for the time credited to his state sentence.

However, in the instant case, the BOP granted Petitioner a *nunc pro tunc* designation, designating the state facility where Petitioner was serving his state revocation sentence as the facility where he could begin serving his federal sentence. Thus, Petitioner's federal sentence commenced on December 10, 2010, the date it was imposed.

Where a defendant has both state and federal sentences, the order in which the sentences are served is governed by the principle of primary jurisdiction, which is best explained in *United States v. Smith*:

> In the context of successive criminal prosecutions by different sovereignties this "chief rule which preserves our two systems of courts from actual conflict of jurisdiction" means that the sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him, . . . and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty . . . .

812 F. Supp. 368, 371 (E.D.N.Y. 1993) (quoting *In re Liberatore*, 574 F.2d 78 (2d Cir. 1978)). Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of charges, bail release, parole release, or satisfaction of sentence. *See Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. 1996) ("Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of sentence."); *Carter v. Felts*, No. 5:05-cv-00708, 2008 WL 3457032 * 6 (S.D. W. Va. Aug. 11, 2008) ("When a federal court

imposes sentence upon a defendant already in State custody . . . the principles of comity and primary jurisdiction dictate that the federal sentence does not commence until the State relinquishes its jurisdiction.") (internal citations omitted); *Rose v. Williams*, No. 3:16cv31, 2016 WL 8115663 *5 (N.D. W. Va.  Dec. 28, 2016).

Furthermore, "borrowing" Petitioner on a writ of habeas corpus *ad prosequendum* does not alter primary jurisdiction.  *See Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992) (a prisoner is not in custody when he appears in court pursuant to a writ *ad prosequendum*; he is merely on loan); *Restituyo-Garcia v. Coakley*, No. 5:16-cv-07323, 2017 WL 764867 *3 (S.D. W. Va. Jan. 31, 2017).  Thus, when Petitioner was arrested by state authorities in Arizona, the State of Arizona gained primary jurisdiction over Petitioner and did not relinquish the same when the federal authorities borrowed him on the federal writ.  The State of Arizona maintained primary jurisdiction over Petitioner until March 15, 2012, when he discharged his state sentences.

Nonetheless, in light of the BOP's *nunc pro tunc* designation, Petitioner's federal sentence was commenced on December 10, 2010, prior to the transfer of primary jurisdiction.  Therefore, he was properly accorded credit against his federal sentences under these statutes beginning on that date.  However, he was also granted 157 days of prior custody credit pursuant to the holding in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971).  In *Willis*, the United States Court of Appeals for the Fifth Circuit carved out an narrow exception allowing additional prior custody credit in a situation where a prisoner had concurrent state and federal sentences, but crediting only the state sentence would not provide any benefit to the prisoner because his federal raw full term release date is equal to or greater than his state raw full term release date.  *Id.*

Respondent acknowledges herein that Petitioner was entitled to 157 days of *Willis* credit for the time served from the date of his arrest by state authorities on March 16, 2009 until August 19, 2009, the day before he was sentenced by the state court, but no more. The undersigned agrees that, with this additional 157 days of *Willis* credit, Petitioner has received all of the prior custody credit to which he is entitled by law.

Petitioner bears the burden of demonstrating that he is in custody in violation of the Constitution or laws of the United States and he has not met that burden herein. *See* 28 U.S.C. § 2241(c)(3). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has received the proper prior custody credit and that his sentences have been properly executed. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's section 2241 petition (ECF No. 1) and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties and Judge Faber.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner at FCI Loretto and to transmit a copy to counsel of record.

April 11, 2019

Dwane L. Tinsley
United States Magistrate Judge